IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          CRIMINAL NO. 06-30027-DRH

ANTOINE D. NORMAN,

    Defendant.

# MEMORANDUM AND ORDER

**Herndon, Chief Judge:**

On April 30, 2007, Antoine D. Norman pled guilty to the charges of distribution of cocaine (Counts 1 and 2). (Doc. 90). Norman was sentenced to 151 months on each of Counts 1 and 2, to run concurrently, on September 26, 2007. (*See* Docs. 109 and 114).

On August 26th, 2008, Norman wrote to the Clerk of Court seeking an enlargement of time to file a motion to vacate, set aside, or correct his sentence under **28 U.S.C. § 2255** (Doc. 136), and the Clerk docketed it as a motion for extension of time to file a Section 2255 motion. The United States has not responded to the motion.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, added a one-year statute of limitations for commencing collateral attacks. ***See* 28 U.S.C. § 2255 ¶ 6**. The limitations period runs from the latest of

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discoverable through the exercise of due diligence. *Id*. The statute does not provide for extensions of time.

Although a belated filing may be excused by equitable tolling or estoppel, a pre-filing "extension of time" is unavailable. **See United States v. Cooper, No. 89 CR 580, 1997 WL 754170 (N.D. Ill. Nov. 21, 1997); *rev'd on other grounds in part and appeal dismissed in part*, 182 F.3d 923 (Table, Text in Westlaw, No. 98-1136, 98-1324, 1999 WL 515255 (7th Cir. July 6, 1999)).** While it does not constitute binding precedent, this Court agrees with the thoughtful analysis set forth in ***In re Wattanasiri*, 982 F. Supp. 955, 958 (S.D.N.Y. 1997)**, which, in denying a motion for an extension of time to file a motion under § 2255, reasoned as follows:

> To begin with, there is no action or proceeding pending. Movant's criminal case has ended. He has not filed a motion pursuant to 28 U.S.C. § 2255. There is no civil action. Congress has not authorized the district courts to entertain applications such as this. Even if it had, there would be substantial doubt as to the existence of the sort of concrete dispute between adverse parties that is required by the case or controversy requirement of Article III,

Section 2 of the United States Constitution. **982 F. Supp. at 958;** *accord* ***United States v. Leon*, 203 F.3d 162, 164 (2ᵈ Cir. 2000) (per curiam) ("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.")**. The Second Circuit Court of Appeals held, *albeit* per curiam, "as every other court to consider the question thus far has held – that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." ***Leon*, 203 F.3d at 164 (collecting cases)**. If or when Defendant actually files a motion under § 2255, this Court may consider any argument that he presents that his motion should be considered timely. Until then, this Court lacks jurisdiction to consider the matter.

Accordingly, the motion for extension of time to file a motion under § 2255 (Doc. 136) is **DENIED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 27th day of August, 2008

/s/     *David R Herndon*
Chief Judge
United States District Judge