IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTOINE DELANCEY NORMAN,

Defendant.                                              No.06-30027-DRH

ORDER

HERNDON, Chief Judge:

Antoine Delancey Norman is serving a 151 month sentence which was imposed by this Court on September 26, 2007 (Doc. 109).  On March 17, 2008, Norman filed a pro se motion to reduce his sentence (Doc. 119).  The Court appointed counsel to represent Norman, and counsel has now moved to withdraw on the basis that he can make no non-frivolous argument in support of a reduction pursuant to **18 U.S.C. § 3582 (c)** (Doc. 140).  *See Anders v. California*, **386 U.S. 738, 744 (1967)**.  Norman was given thirty days in which to respond to the motion (Doc. 141); as of this date Norman has failed to file a response.

**Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant...has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)."  In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing

Commission."   **18 U.S.C. § 3582(c)(2)**.   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with the applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, **535 F.3d 631, 637-38 (7th Cir. 2008);** *see United States v. Forman*, **553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied sub nom McKnight v. United States*, **129 S.Ct. 1924 (2009).**

Norman is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)."  **18 U.S.C. § 3582(c)(2).** Amendments 706 and 711 amended **U.S.S.G. § 2D1.1(c)** as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  But Norman was sentenced for a crime of powder cocaine; the indictment (Doc. 1) has no mention of crack cocaine.  The Sentencing Commission did not lower the offense level for powder cocaine, only crack cocaine.  Thus, Norman's guideline range has not been lowered, and he cannot satisfy the first

criterion under **18 U.S.C. § 3582 (c)(2)** for obtaining a sentence reduction.

Therefore, the Court **DISMISSES for lack of jurisdiction** Norman's

motion for a sentence reduction (Doc. 119).  Further, the Court **GRANTS** counsel's

motion to withdraw (Doc. 140).

**IT IS SO ORDERED.**

Signed this 30th day of March, 2010.

/s/     David R Herndon

**Chief Judge**
**United States District Court**